OSCN Found Document:IN RE COURT RULES OF THE WORKERS' COMPENSATION COURT

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN RE COURT RULES OF THE WORKERS' COMPENSATION COURT
2014 OK 2
Decided: 01/16/2014
As Corrected: January 17, 2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 2, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: THE COURT RULES OF THE WORKERS' COMPENSATION COURT - YEAR 2014 AMENDMENTS

ORDER

¶ 1 The Court Rules of the Workers' Compensation Court as amended and approved by that Court on December 20, 2013, having been submitted to this Court for its consideration, are hereby approved. The rules are for official publication and shall become effective on January 31, 2014. The rules as amended shall be published in the Oklahoma Bar Journal three times. By today's adoption of these rules, submitted by the Workers' Compensation Court, this Court neither indicates what meaning should be ascribed to them in any given application nor settles their validity against challenges that may be launched on constitutional or statutory grounds, federal or state.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 16th day of January, 2014.

/S/CHIEF JUSTICE

Colbert, C.J., Reif, V.C.J., Watt, Winchester, Edmondson, Taylor, Combs and Gurich, JJ., concur;
Kauger, J., not participating.

 

WORKERS' COMPENSATION COURT RULES

RULE 1. ADMINISTRATOR

A, The Administrator shall perform such duties and responsibilities as authorized by law, and as the judges of the Court may prescribe.

B. When the Court Administrator's position is vacant, the Presiding Judge of the Workers' Compensation Court may reassign the Administrator's duties and responsibilities to other employees or judges of the Workers' Compensation Court to insure the autonomy and integrity of the Court's operation. Whether the position is vacant or not, the Court retains control of the Court's staff and personnel policies, including, but not limited to, the employment, job descriptions and supervision of its staff, employee leave, employee evaluations, employee salaries, reimbursement of travel and related expenses, and other policies required to conduct the business of a court of record in this state.

RULE 2. RULES OF THE COURT CONTROLLING PROVISIONS

A. Title 85 of the Oklahoma Statutes and Court rules of workers' compensation practice and procedure in effect before February 1, 2014, and interpretive case law of such provisions, are incorporated herein by reference. Single event injuries or deaths are subject to the workers' compensation statutory law and Court rules of practice and procedure in effect on the date of injury or death, as applicable. Cumulative trauma injuries or occupational diseases or illnesses are subject to the workers' compensation statutory law and Court rules of practice and procedure in effect at the time the employee knew or should have known that the cumulative trauma injury, occupational disease or illness was related to work activity.

B. Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Code by Title 85 of the Oklahoma Statutes or by these rules will be guided by practice or procedure followed in the district courts of this state.

RULES 3 AND 4 - NO CHANGE

RULE 5. DATE OF FILING - STAMPING - TIME COMPUTATION

A. All forms filed with the Court shall be file-stamped by the Clerk on the date of receipt.

B. The time within which an act is to be done, as provided in Title 85 of the Oklahoma Statutes or these rules, shall be computed by excluding the first day and including the last day. If the last day is a legal holiday as defined in 25 O.S., §82.1, it shall be excluded, and performance of that act shall be required on the next regular business day. Time limits prescribed by law or these rules related to filing dates shall be computed as provided in this rule from the date of filing as reflected by the date of the file stamp on the document. When the period of time prescribed or allowed is less than eleven (11) days, intermediate legal holidays and any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation.

RULE 6. CORRESPONDENCE WITH THE COURT; PROHIBITED COMMUNICATIONS WITH THE COURT AND COURT APPOINTED PROFESSIONALS - NO CHANGE

RULE 7. APPEARANCE OF PARTIES

A. A party in any proceeding before this Court, including agreed settlements, may appear pro se, by an attorney licensed to practice law in Oklahoma, by an out-of-state attorney admitted to practice before the Court pursuant to rules of the Oklahoma Bar Association, or by a licensed legal intern. Provided further, corporate entities, limited liability companies, insurance companies and own risk employers may appear only by an attorney. No persons except licensed attorneys, pro se litigants, and legal interns knowledgeable of the case may present documents to the judge for signature.

B. Attorneys who will appear before the Court on behalf of a party shall notify the Court of their appearance by filing an entry of appearance. An entry of appearance on behalf of the respondent shall be filed no later than ten (10) days after the respondent's receipt of a file-stamped copy of a Form 3, 3A, 3B or 3F. The entry of appearance for the respondent shall contain language stating whether the employer is an active member of a certified workplace medical plan in which the claimant is potentially enrolled, and if so, the name of the plan.

C. The attorney of record for the claimant in a case shall be the attorney signing the first Form 3, 3A, 3B or 3F filed in the case. Any other attorney who files an entry of appearance on behalf of any party in the case or who is identified as a substitute attorney pursuant to a notice of substitution of attorney shall also be considered an attorney of record. The Court shall send notices to all attorneys of record until a substitution of attorney has been filed or an Application for Leave to Withdraw as Attorney has been filed and granted by the Court pursuant to Rule 51(B). Various attorneys may appear before the Court in a matter, but notice shall be sent only to those attorneys who are an "attorney of record" as defined in this subsection.

RULES 8 THROUGH 38 - NO CHANGE

RULE 39. TRAVEL EXPENSES - MEDICAL AND VOCATIONAL REHABILITATION

A. Upon reasonable advance notice from the respondent, the claimant must submit to a medical examination by a physician selected by the respondent. If the claimant refuses to submit to the examination, the respondent may file a Form 13 requesting the claimant's compensation and right to prosecute any proceeding under the Workers' Compensation Code be suspended during the period of refusal as provided in 85 O.S., Section 326(I). The claimant must show cause at the hearing why the respondent's request should not be granted. If the claimant's failure to appear for the scheduled examination was without good cause, the Court shall order the claimant to reimburse the respondent for payment of the physician's charge for the missed examination, but not in excess of Two Hundred Dollars ($200.00).

B. The respondent shall reimburse the employee for the actual mileage in excess of twenty (20) miles round-trip to and from the claimant's home to the location of a medical service provider for all reasonable and necessary medical treatment, for vocational rehabilitation or retraining, for an evaluation by an independent medical examiner and for any evaluation, including an evaluation for vocational rehabilitation or vocational retraining, made at the respondent's request, but in no event in excess of six hundred (600) miles round-trip. Mileage and necessary lodging expenses are limited to the provisions of the State Travel Reimbursement Act, 74 O.S., Section 500.1 et. seq. Meals will be reimbursed at the rate of Eight Dollars ($8.00) per meal per four hours of travel status, not to exceed three meals per day.

C. The respondent shall reimburse the claimant for travel expenses as provided in this rule within sixty (60) days from receipt of a request for reimbursement. If the respondent fails to timely reimburse the claimant, the Court shall assess a Five Hundred Dollar ($500.00) penalty against the respondent, payable to the claimant.

RULE 40. APPLICATION FOR CHANGE OF PHYSICIAN - NO CHANGE

RULE 41. INDEPENDENT MEDICAL EXAMINERS - APPOINTMENTS

A. Qualifications. To be eligible for appointment by the Court to the list of qualified independent medical examiners and for retention on the list, the physician must:

1. be a licensed physician in good standing as provided in the Workers' Compensation Code;

2. be highly experienced and competent in the physician's specific field of expertise and in the treatment of work-related injuries;

3. be knowledgeable of workers' compensation principles and the workers' compensation system in Oklahoma, as demonstrated by prior experience and/or education;

4. have in force and effect health care provider professional liability insurance from a domestic, foreign or alien insurer authorized to transact insurance in Oklahoma or in the state where the physician practices, if different from Oklahoma. The per claim and aggregate limits of the insurance must be at least One Million Dollars ($1,000,000.00). This insurance requirement shall not apply to physicians requesting their services under the independent medical examiner system to be restricted to providing opinions regarding the nature and extent of permanent impairment, if any, and/or opinions in claims against the last employer for combined disabilities or against the Multiple Injury Trust Fund;

5. have no felony conviction under federal or state law within seven (7) years before the date of the physician's application to serve as a qualified an independent medical examiner;

6. have a valid Oklahoma State Bureau of Narcotics and Dangerous Drugs Control (BNDD) registration (or comparable registration from the state where the physician is licensed and practices if other than Oklahoma) and federal Drug Enforcement Agency (DEA) registration, as authorized by law for the physician's professional license; and

7. have a valid, unrestricted professional license as a physician which is not probationary.

B. Appointment. Appointment of physicians to the list of qualified independent medical examiners, and maintenance and periodic validation of such list shall be by a majority vote of the judges of the Court. Physician appointments shall be for a two-year period.

C. Application for Appointment. To request appointment to the list of qualified independent medical examiners, a physician shall:

1. Submit a signed and completed application Form 463 and a signed and completed physician disclosure Form 17 to the following address: Oklahoma Workers' Compensation Court, Attention: Medical, 1915 N. Stiles Avenue, Oklahoma City, Oklahoma 73105-4918. Illegible, incomplete or unsigned applications and disclosures will not be considered by the Court and shall be returned. A copy of the application Form 463 and physician disclosure Form 17 may be obtained from the Court at the address set forth in this paragraph, or from the Court's web site;

2. Submit a current curriculum vitae, together with the application Form 463 and physician disclosure Form 17, to the address set forth in preceding paragraph; and

3. Verify that the physician, if appointed, will:

a. provide independent, impartial and objective medical findings in all cases that come before the physician;

b. decline a request to serve as an independent medical examiner only for good cause shown;

c. conduct an examination, if necessary, within thirty (30) calendar days from the date of the order appointing the examiner, unless otherwise approved by the Court, when necessary to render findings on the questions and issues submitted;

d. prepare a written report in accordance with Rule 20 which addresses the issues set out in the order of appointment;

e. submit the report to the parties and the Court within fourteen (14) calendar days of a required examination of the claimant and/or completion of necessary tests, or within fourteen (14) calendar days after receipt of necessary records and information if no examination and/or tests are required;

f. accept as payment in full for services rendered as an independent medical examiner the fees established pursuant to Rule 44;

g. submit to a review pursuant to Rule 42 and 85 O.S., Section 329(I);

h. submit annually to the Workers' Compensation Court written verification of valid health care provider professional liability insurance as and if required in subsection A of this rule;

i. notify the Workers' Compensation Court in writing upon any change affecting the physician's qualifications as provided in subsection A of this rule; and

j. comply with all applicable statutes and Court rules.

D. Disclosure. As part of the application, the physician shall identify, on the physician disclosure Form 17 any ownership or interest in a healthcare facility, business or diagnostic center that is not the physician's primary place of business, including any employee leasing arrangement between the physician and any health care facility that is not the physician's primary place of business. Failure to do so may result in disqualification by the Court Administrator from providing treatment under the Workers' Compensation Code.

RULE 42. INDEPENDENT MEDICAL EXAMINERS - REVOCATION OF APPOINTMENT

A. Removal of a physician from the list of qualified independent medical examiners shall be by request of the independent medical examiner or by a majority vote of the judges of the Court.

B. The Court may remove a physician from the list of qualified independent medical examiners for cause, including, but not limited to the following grounds:

1. a material misrepresentation on the Form 463 application for appointment to the list of qualified independent medical examiners or on the physician disclosure Form 17;

2. refusal or substantial failure to notify the Court of any change affecting the physician's qualifications as provided in Rule 41(A); or

3. refusal or substantial failure to comply with the provisions of Rules 41 through 45, 85 O.S., Section 329, or other applicable Court rules and statutes.

C. In arriving at a determination regarding whether to remove a physician from the list, the Court may consider the character of the alleged violation and all of the attendant circumstances, and may confer with the Physician Advisory Committee (85 O.S., Section 373), or other public or private medical consultants.

D. A physician whose qualification to serve as independent medical examiner has been revoked by the Court is not eligible to be selected as an independent medical examiner during the period of revocation.

RULE 43. INDEPENDENT MEDICAL EXAMINERS - REQUESTS FOR ASSIGNMENT

A. Appointment of an independent medical examiner from the Court's list of independent medical examiners is governed by this rule. Appointments shall take into account the specialty, availability and location of the examiner.

B. In order to be eligible for appointment, a qualified an independent medical examiner:

1. shall not have a financial interest in the claimant's award; and

2. in a case involving permanent disability, shall not be a treating physician of the injured employee or have treated the injured employee with respect to the injury for which the claim is being made or the benefits are being paid.

C. Requests for the appointment of an independent medical examiner may be set for a prehearing conference, at the discretion of the Court.

D. The parties shall send the employee's medical records to the independent medical examiner by regular mail within ten (10) calendar days of receipt of the Court order assigning the examiner. If necessary, the independent medical examiner may contact persons in whose possession the records or information is located solely for the purpose of obtaining such records or information.

E. An independent medical examiner may decline to accept the Court's appointment only for good cause shown.

F. Disputes relating to treatment provided or to be provided through a certified workplace medical plan, including requests for change of physician within the plan, shall be timely processed as provided by 85 O.S. Section 328(D)(1)(e), through the internal dispute resolution procedures of the certified workplace medical plan before pursuing remedies in the Workers' Compensation Court.

RULES 44 THROUGH 46 - NO CHANGE

RULE 47. MEDICAL CASE MANAGERS - REVOCATION OF APPOINTMENT

A. Removal of a case manager from the list of qualified independent medical case managers shall be at the request of the case manager, or by a majority vote of the judges of the Court.

B. Grounds for removal include, but are not limited to:

1. a material misrepresentation on the Form 626 application for appointment to the list of qualified independent medical case managers;

2. refusal or substantial failure to notify the Court of any change affecting the case manager's qualifications as provided by statute or this rule; or

3. refusal or substantial failure to comply with the provisions of Rules 46 through 49, or other applicable Court rules, statutes or orders in the specific case assigned.

C. In arriving at a determination regarding whether to remove a case manager from the list, the Court may consider the character of the alleged violation and all of the attendant circumstances, and may confer with the Physician Advisory Committee (85 O.S., Section 373), or other public or private medical or case management consultants.

D. A case manager whose qualification to serve as an independent medical case manager has been revoked by the Court is not eligible to be selected as an independent medical case manager during the period of revocation.

RULES 48 THROUGH 50 - NO CHANGE

RULE 51. DISPUTED ATTORNEY FEES - WITHDRAWAL OF ATTORNEY - CHANGE OF ADDRESS

A. When a dispute arises among several attorneys as to the identity of claimant's attorney of record, or when several successive attorneys lay claim to a fee in the same case, the trial judge shall decide the issues raised and allocate the fee allowed in proportion to the services rendered.

B. 1. Before any attorney may withdraw as an attorney from a Workers' Compensation Court case, the attorney shall obtain leave of Court to withdraw, for good cause shown.

2. The attorney filing the Application for Leave to Withdraw as Attorney of Record shall send a copy of the application to the attorney's client and to all attorneys of record. All applications shall be signed by the party on whose behalf the attorney has previously appeared or contain a certificate of the movant attorney that:

a. the client has knowledge of and has approved or refused to approve the withdrawal; or

b. the attorney has made a good faith effort to notify the client and the client cannot be located.

3. In all cases, the moving attorney shall certify whether or not:

a. the case is set for trial or mediation;

b. the case is pending for an order;

c. the case is pending on appeal;

d. a permanent total disability order has been entered; or

e. a death claim order has been entered.

4. All applications to withdraw shall include an order for the Court.

5. A Form 93 has been adopted by the Court that may be used for this purpose.

6. The filing of a Form 93 does not perfect an attorney lien.

C. Except when an attorney's representation has been terminated at the client's initiative, no attorney shall be allowed to withdraw as an attorney for a party when that attorney has signed the pleadings necessary to perfect an appeal to the Court en banc. This prohibition shall apply until the appeal has been fully submitted to the Court en banc for consideration. This prohibition shall not apply if another attorney has entered an appearance for the appealing party before the filing of the application to withdraw.

D. Any attorney of record shall give notice of a change of address by mailing to the docket office, a copy of the letterhead containing the new address and a list containing the Oklahoma Bar Association number of each attorney member of the firm who regularly appears in Court. A party acting pro se shall mail notice of the change of address to the docket office. Attorneys of record who change firms shall notify the Court of the status of the representation of their clients, and shall immediately withdraw, when appropriate.

RULES 52 THROUGH 65 - NO CHANGE

RULE 66. EFFECTIVE DATE

These rules, as amended, shall become effective on March 6, 2012 January 31, 2014.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 Title 85. Workers' Compensation Cite
Name
Level 85 O.S. Rule 1, ADMINISTRATOR
Cited 85 O.S. Rule 2, RULES OF THE COURT
Cited 85 O.S. Rule 5, DATE OF FILING - STAMPING - TIME COMPUTATION
Cited 85 O.S. Rule 7, APPEARANCE OF PARTIES
Cited 85 O.S. Rule 39, TRAVEL EXPENSES - MEDICAL AND VOCATIONAL REHABILITATION
Cited 85 O.S. Rule 41, INDEPENDENT MEDICAL EXAMINERS - APPOINTMENTS
Cited 85 O.S. Rule 42, INDEPENDENT MEDICAL EXAMINERS - REVOCATION OF APPOINTMENT
Cited 85 O.S. Rule 43, INDEPENDENT MEDICAL EXAMINERS - REQUESTS FOR ASSIGNMENT
Cited 85 O.S. Rule 47, MEDICAL CASE MANAGERS - REVOCATION OF APPOINTMENT
Cited 85 O.S. Rule 51, DISPUTED ATTORNEY FEES - WITHDRAWAL OF ATTORNEY - CHANGE OF ADDRESS
Cited 85 O.S. Rule 66, EFFECTIVE DATE
Cited
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.